May it please the Court, the first question I'd like to address is involuntary joinder and what this Court has actually held in the past or not held as the case may be regarding that issue. Now, despite repeated characterizations by litigants and district courts alike, this a co-owner of a patent cannot be involuntarily joined pursuant to Rule 19A or any other artifice for joinder. And the three cases the parties have talked about extensively in their briefs are Ethicon, DDB, and Shearing. Now, in Ethicon, which is the major case that was discussed, there the co-owner, the putative co-owner was already a party, so the issue of involuntary joinder never presented itself. And this Court, in fact, never even mentioned Rule 19A except in the dissent. The majority doesn't mention the rule at all. In DDB… But if it was in the dissent, does that mean the Court considered it and did not adopt that particular direction? No, Your Honor. We think that there's a compelling reason to say that it didn't, just as dicta. The Court's silence shouldn't be read to mean anything, and certainly not some detailed analysis of what the dissent discussed. But what Ethicon says, that as a matter of substantive patent law, the absent co-owner has the right to remain absent, right? That is what it says, yes, Your Honor. So it seems to me, even if it didn't address Rule 19, Rule 19 can't change substantive law. The Rules Enabling Act says that the rules can't enlarge, modify substantive rights. So if there's a substantive right not to be joined, why do we care about Rule 19? Rule 19 can't change that, right? That's true, Your Honor, except the very pronouncement that substantive law precludes involuntary joinder was dicta. The other co-owner was a party in that suit already. And there were five issues raised on the appeal in Ethicon. Two of them had to do with the question of co-inventorship, and the other three had to do with what one patent owner can license to a third party. The appellant in that case never raised the question of whether Dr. Yoon could have been involuntarily joined. He was already a party to the suit, so there wasn't any reason to raise the issue. So if the Court did make a pronouncement on what substantive patent law guarantees, it wasn't necessary to the outcome, and therefore was dicta. Now, in DDB, the sole issue there was the question of entitlement to jurisdictional discovery. There was no question of involuntary joinder, and in fact, in that case, the appellant never even asserted that the co-owner, the absent co-owner, could be involuntarily joined. So again, anything DDB had to say about involuntary joinder wasn't necessary to the decision, and therefore had to be dicta. Finally, in Shearing, at the District Court, the involuntary co-owner had already been joined as an involuntary plaintiff under Rule 19A. Therefore in Shearing, the issue of involuntary joinder couldn't have been before the Court because again, the co-owner had already been made a party. So in the three decisions the parties spend the vast majority of their time discussing, in none of them did this Court make a pronouncement on involuntary joinder that was necessary to the decision. So there is no holding under Rule 19A or anything else from this Court that says that one patent co-owner cannot involuntarily join another patent co-owner. So then we look at 19A. We do look at the Rule 19A and see what it says. It says that a party must be joined if that party is necessary to give full relief. Now addressing Your Honor's question about the substantive patent law, we look at Section 262, which is what this Court has cited as setting forth that substantive patent law, and it doesn't say anything about one co-owner being able to hold another co-owner hostage. In fact, what it says is that each co-owner has the right to exploit, each owner of a patent has the right to exploit that patent fully. But what does that actually mean? The only right that the patent law guarantees to a patent owner is the right to exclude others. That is the only substantive right guaranteed under 35 U.S.C. Well, if in fact Section 262 is read to say that one co-owner can prevent another co-owner from excluding third party infringers simply by refusing to join a lawsuit, then that read of Section 262 has just abridged the only substantive right that a patent owner is guaranteed under the patent statute. The patent statute also says that where there's infringement, a patent owner has the right to civil remedy. Again, if one co-owner can impede the ability of the other co-owner to seek remedy for infringement then that right has been abridged as well. I understand you're arguing kind of for Rule 19 to trump what we have perceived perhaps to be a substantive patent law rule. But assuming for a second that there is a general rule against Rule 19, there are two acknowledged exceptions. Are you arguing for a third exception then here today? And what would be the parameters of that? No, Your Honor. We're not arguing for an exception at all. We're saying that there is no substantive right on the part of one co-owner to impede the ability of another co-owner. You're saying Rule 19 trumps what Judge Dyck has characterized as substantive patent law? No, Your Honor. In fact, we're arguing something slightly different. We're saying that arguably, although we don't think it's even an argument, arguably there are competing substantive rights here. On the one hand, we have this court's pronouncement under section... One patent co-owner says, I have a right to join you so that I can get a remedy. The other co-owner says, I have an equally powerful exclusive right which gives me the power to not exercise it. Now which of those trumps the other? Well, Your Honor, if we look at the policies behind each, we have the statute which in its entirety is intended to give certain rights to a patent owner. And those rights are the right to exclude others from using a patent invention without authorization. Or not. As this court has said, that's a basic tenet of patent law, the right to exclude. On the other hand, we have this putative right to say, I don't want to be bothered by a lawsuit. I don't want the inconvenience. Because that's really what we're talking about. The point that I don't hear you engaging is that there are two sides to the assert your exclusive right coin. I can either assert it and exclude others, or I can equally exercise that right by electing not to exclude others. Your Honor, in this case, joinder of a plaintiff. The plaintiff doesn't actually have to do anything. They don't have to take positions on the issues. They don't have to urge infringement. Except that they do not wish to see this patent put into action. It's their patent, and they don't want to see it exercised. Do they have that right? No, Your Honor. Not in the face of what I would argue is a superior right of a patent owner. Why is it superior? That's what I'm looking for. This court has said that it is a basic tenet of the patent law to be able to exclude others. That's the other side of the coin that this court has never talked about. It's never said that it is a basic tenet of patent law to allow someone to sit by and not enforce its patent rights, especially when there's a co-owner with an equal interest in the patent that has the right to enforce its patent against them. I'm wondering why this court would, between two parties who have an equal right in a patent, why we would exercise a preference, one for the other. Because Your Honor, if at the end of the day, a patent owner who has gone through the trouble of securing a patent, and just happens to be co-owned with another, is left with no remedy whatsoever, that person has a worthless piece of paper. And then when you talk about the interest of the other party, the other party who says, well, we don't want to put this patent at risk, well, the point is, if they're not willing to enforce the patent at all anyway, what are they really putting at risk? There is no value to that person for that patent. Well, the patents have a good deal more operating potential than just in a lawsuit. I mean, they can be licensed, they can be used against one person and not another, which happens so often in these cases, and in this case precisely. The non-joined party was happy to accept a remedy against some individuals and not others, and exercised their right to stand down against Intel, while taking the licensing fees against Samsung, right? Isn't that kind of the facts of this case? No, Your Honor, there was no issue about Sandia's participation in the Samsung litigation. I mean, they did accept the money. But the point is, they... Don't play with me when we're recognizing that they have accepted remedies in one case and not another. I don't need the gamesmanship here. Why do we make a judgment to favor one party over another when they're exercising their right to decide how to use their patent? That's really the issue I'm asking you. And again, Your Honor, if a patent owner is left with no remedy against... One patent owner is not, you're right. The other patent owner, with an equal right, is getting what he wants. But Your Honor, one of the examples that you used was... They have conflicting interests, so why are we deciding between the two of them? Your Honor, we're just... Excuse me, Your Honor. Okay, sure. Your Honor, actually, going back to what you said before about what the real interest is of the other party, the court said that, well, you can license, you can do other things with the patent. Well, in fact, though, if you've demonstrated a lack of interest in enforcing the patent, then licensing is pretty much a non-issue. People won't take a license where there's been no evidence of an intent to enforce. Why pay for something that you can use for free at the end of the day? One problem here is that, let's say that Sandia really doesn't want to enforce this patent against Intel. They could join, or allow themselves to be joined, or not joined, and in either case give a free license for the entire right, and it would come out the same way. And although my view is that Rule 19 applies, at the same time, the same result could be obtained, could it not, without all of this turmoil of joinder or non-joinder. In theory, that's correct, Your Honor. Here there's an inter-institutional agreement that we believe would preclude that from happening, but at least in that instance, there's been some license, and presumably the two parties would share in whatever the revenues are. Or no revenues. Or no revenues, that's true. But that's not what we have here. We have a party that simply, we have a co-owner that simply doesn't want to do anything. So yes, that is a possibility. We think there are safeguards in place to prevent that from happening. But at least there, there's been a resolution somehow vis-a-vis the patent rights of both co-owners and the third party infringer, instead of standing by and doing nothing. And thereby forcing the other co-owner to stand by and do nothing. Your Honor, I see that I have some, I think that this time is what's left from the 15 minutes. I'll reserve the rest for the public. We're going to give you your full time back anyway, Mr. Summerfield. Thank you, Your Honor. Thank you. Would you give Mr. Van Nest an extra two minutes if he needs to use it, Reggie? May it please the Court, thank you, Your Honor, good morning. My name is Bob Van Nest, I'm here for Intel. With me at counsel table is Dan Bagatelle. Why isn't Judge Newman entirely correct? You license or you litigate, but you don't sit in limbo. Well, I think it's clear you've got a choice, you can license, you can litigate. Or not license, of course, as the case would be in this instance.  Well, both the Ethicon decision and the DDB decision stand for the proposition that among the rights that flow from 262 is the right of a co-owner not to participate in an infringement lawsuit. But that expunges, as we've just gone through with Mr. Summerfield, the right of, an equal right of another. It doesn't really, Your Honor. In this case, let's remember, first of all, in the court below, they embraced the Ethicon rule, they embraced the DDB rule, and they said, no, we're subject to an exception to that rule, we're an exclusive licensee. And in fact, they could have become an exclusive licensee. But we know there's precedent on all sides of Rule 19. Excuse me, Your Honor? I said, we know that there is precedent on all sides of Rule 19 in patent cases. I think what we really need to understand is whether, in fact, there's a different rule for patent cases than any other with respect to patent property. I think... Tenancy in common and the rights of joint tenants. I think there is, and I think it's been established by Ethicon, and I think the rule has two primary bases. One is... It's a different rule? I mean, I thought the same rule applied in other areas of the law. For example, there are cases about partnerships that one partner, the minority interest, can't assert the partnership rights, that can only be done with the consent of the other partner. I think that's true in some cases, Your Honor. That's really a question of state law, and it may vary from state to state, depending on the nature of the property and the nature of the ownership. But here, there's two key factors, I think. Section 262 gives anyone, any co-owner, the right to license, and as you pointed out, Your Honor, that means that Sandia would have the right to license to someone that STC thought was infringing. That... 262 does not give the right of a co-owner to sue for infringement or to enforce without consent. It could have done that. 262 could say you have the right to sell, license, offer, use and make, and enforce, or and sue for infringement. It does not say that. It gives everyone the right, all co-owners the right to license, and therefore, as Ethicon held and DDB held, coming with that right is the right to say, I don't want my patent put in play. I don't want to litigate. And there's two, at least two strong policy reasons why that's a good rule. How do you get this out of Ethicon, where all owners were joined? Well, in Ethicon, Your Honor, the 19A issue was briefed extensively by the parties and argued, and as you know, your dissent argued strongly that 19A... But it wasn't decided on that basis. I grumbled about it, but it wasn't decided on that basis. The majority found that there's a right, that's a substantive right of patent law not to participate in a lawsuit. And I think that Judge Brack found two reasons. I mean, this is really my concern with if Ethicon is the precedent on which you're relying, because all co-owners, all joint inventors, were either plaintiffs or defendants. Well, that's true, Your Honor, but the holding is pretty clear that you do not have a right as a co-owner to force someone else in. And the two reasons I would give why that's good policy are, one, why would you force a co-owner to put his or her patent in play when they don't want to do it? Obviously, when you go into court, you file an infringement action, the patent's at risk, as Judge Rader noted a moment ago. But that's what Rule 19 is designed for, is it not? That you can be joined as a party defendant or involuntary plaintiff in order to allow justice or whatever to be determined by the court. But Rule 19 is a rule of procedure if the right to protect your patent by not putting it in play, or for example, Your Honor, as is the case here, if you do not want to seek a remedy against this particular business partner. Sandia and Intel have a business relationship. Obviously, Sandia doesn't want to impair that relationship. They don't want to enforce the patent in this circumstance, although they did accept money from other defendants. So in that instance, they should have the right, as a co-owner with the full right to license, make, use, and sell, to say, I don't want it enforced. They could, I agree, they could have granted a license to Intel. That would have resolved this entire case in the same direction. But instead, what's troubling is the refusal to participate in terms of property rights and why patents should be any different from any other property right in the world. Let's look at how we got here, though, Your Honor. Remember that we got here because the plaintiff took a calculated tactical move. Right in the middle of a lawsuit, after Judge Brack had found that the patent was unenforceable because it wasn't commonly owned with the 321, they simply lobbed over the fence to Sandia and ownership interest in the 998. They did that to preserve the enforceability. They could have instead worked out an arrangement with Sandia where Sandia waived the right to not participate, or they could have repurchased the rights to the 321. They had all sorts of procedural remedies themselves, other options. If they were starting again, my guess is they'd pursue one of those remedies. But what they did was straightforward, was logical on the facts. I think that what's less logical is an order, according to the record from the Department of Energy, of keep out of it. But in this instance, when they were faced with an unenforceability order, the law gave them all sorts of options. They could have gone and repurchased the rights to the 321 and they didn't do that. They could have gone to Sandia and worked out a waiver. They didn't do that. And I think what Judge Brack recognized was if you're going to allow co-ownership, then as Chief Judge Rader mentioned a moment ago, there are rights on both sides. And clearly here, where 262 does not provide the right to sue without a co-owner, or the right to enforce without a co-owner, Ethicon is correctly decided and DEDV is correctly decided. Can I bring you back to Ethicon for a moment? The suggestion is that the statement about substantive patent law in Ethicon was dictum. If I understand the facts correctly, and I may be wrong about this, that Choi was a party to the action because he had intervened, but he declined to join as a plaintiff in the infringement suit. So I'm not quite understanding why it's a dictum, since he refused to be a plaintiff in the case and the court said he doesn't have to be a plaintiff. It doesn't make any difference that he was a party to the action in some other capacity, does it? That's exactly right, Your Honor. I mean, the language is very clear. The language of the majority opinion says... The language is clear. Everybody agrees with that. What I'm getting at is, is the language dictum? No. And in fact, it's not, is it? No, it's not dictum. It's not dictum because Choi was refusing to participate as a plaintiff and the majority said, one more subtle principle governs this case. An action for infringement must join as plaintiffs all co-owners and went on to say, as a matter of substantive patent law, all co-owners must ordinarily consent to join as plaintiffs and consequently, one co-owner has the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join. And the two things that the court relies on are a long string of cases holding, as Ethicon did and DDB did, that you have to have all owners present as plaintiffs to proceed in an infringement case and Section 262, which if it gives the right to license without the consent of the co-owner, certainly carries with it, as the opinion explained, the right not to participate in an infringement action. And obviously, why don't we do what Judge Newman recommended from the outset, though? Make Rule 19 operate uniformly for all of these parties and then if they wish to exonerate Intel or someone else, they can simply grant a license. License or litigate? The problem with that, Your Honor, is that you're going to be taking away the right of the co-owner to make his own or her own decisions about what to do. If you're going to say they can be forced in... No, they're making the decision. Very clearly, they're making the decision. They're making the decision to exonerate Intel, which is the effect in both instances. But in that, you're then forcing them to license where they might not otherwise license. For a lot of points, and you would also be forcing them, in this case, potentially to litigate against a business partner, which they don't want to do. Now, as it stands now, they have all the remedies they need. They can... Ethicon recognizes at least, not at least, two exceptions. They can get a waiver, which they never sought, number one. Number two, they can become an exclusive licensee. Either one of those would allow them to proceed as they wish with an infringement action. And here... What is the common practice where you have two inventors on a patent? Is there an agreement in the beginning that each one authorizes the other to sue? Do they remain silent about it? Do we know what the usual practice is? I think, Judge Dyk, it's hard to say there's a usual practice. In many cases, the inventors both work for the same company. So the patent is assigned to the company and there's only one owner. But there's all kinds of different arrangements that co-owners make. Sometimes they waive the right to not participate. Sometimes they give each other the right to sue. Sometimes they don't. There's all sorts of commercial arrangements when you have more than one owner. Now, in this case, again... Well, I guess what I'm getting at is silence, the typical thing, or is this usually resolved by contract when the patent is filed? Again, I think there's a wide range of practice on that as well. Obviously, with the more sophisticated companies that deal with technology rights, there's more likely to be something specific. And with companies that don't, or with individuals, there's less likely to be something specific. But here, it was quite clear they had been representing for years that they were the sole owner of the 998. What about in connection with the AIA or other legislation? Have there been legislative proposals to change the rule of Ethicon and to say that each co-owner can sue? Do you know what... I don't think so. There has been one related development which gives the company the right to do what it wishes with the work of its employees. But that's a little bit different here because, obviously, we have two companies involved. We have Sandia and we have STC. So I don't think the proposals that are now pending would deal with this. But as I point out, there are current ways of dealing with exactly this problem, which is why it doesn't come up very often. And it only came up in this case because they took a calculated tactical move to simply give rights to Sandia that didn't exist before and create the co-ownership situation. And so in that instance, they had all the options in the world. They could have exercised them. It doesn't make sense to change the rule where every co-owner has a variety of tools they can use to deal with a situation. And where today, if co-owners have a disagreement, they can work it out. It's really down to whether we're changing the rule, doesn't it? I think so because Ethicon... I don't feel it doesn't think so. Why is there... Well, he's saying that the decisions in DDB and Ethicon were mere dicta. They're not. If they're holdings, which I believe they are, then they are finding precedent of this court. They are supported by prior decisions. They are supported by solid logic and reasoning from 262. They're supported by policy reasons, namely the rights of a co-owner to protect his or her patent and decide who should be a defendant and who shouldn't. And so I don't think it's true that there isn't precedent. Ethicon, if DDB made it crystal clear, DDB says point blank to the district court, if you find there are co-owners involved... Key to this is whether or not the CHOI license was made any discussion of joinder irrelevant. It didn't because... In that instance, we did have licensure, so there was no limbo. There was no disinclination to be involved at all. This is different in that respect, isn't it? Only slightly, Your Honor, because remember in CHOI, the court held that CHOI couldn't waive damages that the plaintiff was seeking for the past, right? CHOI could license and license prospectively, but he couldn't waive damages for the past. And he didn't want to join, as Judge Dyke noted, he didn't want to join as a plaintiff to seek past damages from the defendant. And so that's why this issue was so heavily briefed by the parties, discussed explicitly by Judge Newman, resolved by the majority opinion, which says, as I read earlier, point blank. You are not allowed to involuntarily join. And then in two years later, several years later in 2008, in the DDB opinion, the court explicitly told the district court, if there are co-owners, if you find after discovery there are co-owners, 19A does not permit you to involuntarily join them unless they fall into an exception. If they're exclusive licensees, fine. If there's been a waiver, fine. But DDB is clear that it is following Ethicon in holding that a co-owner cannot involuntarily be joined. And that's an instruction to the district court, which had dismissed the case based on standing. And all that was happening in DDB was there needs to be more discovery on the nature of the co-ownership. But if there's co-ownership, DDB was crystal clear. 19A does not permit it. Why? Because the right not to participate comes from 262. It's a substantive patent right. It comes from substantive law. Under the Rules Enabling Act, a procedural vehicle like 19A cannot abridge your substantive rights. And if it's true, as I believe it is, that Ethicon and DDB and other cases hold that this is a substantive right of patent law, 19A can't abridge it. 19A can't interfere with it. And again, there's no reason that it should because there are lots of procedural remedies and weapons and tools available to both co-owners. And if I could spend just a moment on the enforceability issue, which wasn't discussed, I do want to emphasize that the court granted summary judgment as to the period before December of 2011 based on finding that the 998 and the 321 patents were not commonly owned as was required by the terminal disclaimer. That ruling was right. It was based on an undisputed fact, namely, that the inventors from Sandia made no inventive contribution at all to the 998 patent. Therefore, they had no ownership rights in the patent. Therefore, Sandia had no ownership rights in the patent. And under the Supreme Court's recent ruling in Stanford versus Roche, you don't get any right to ownership unless you have made an inventive contribution. And so the record is clear that the patents were not commonly owned before December of 2011 when STC gave rights without compensation to Sandia. That summary judgment ruling was correct and the dismissal with prejudice, which is now part of the judgment, was correctly decided, correctly entered, and should be affirmed. Thank you, Mr. Van Ness. Thank you. Mr. Summerfield. Can I read to you from Ethicon? Yes, Your Honor. As a matter of substantive patent law, all co-owners must ordinarily consent to join as plaintiffs. Consequently, one co-owner has the right to impede another co-owner's ability to sue, period. Yes, Your Honor. That is what it says. And it was not essential to the holding. Well, but isn't Mr. Van Ness right that it was essential to the damages portion that preceded their option to license? No, Your Honor, because the issue of whether one co-owner could release an infringer from past damages that the other co-owner couldn't recover wasn't dependent upon whether Dr. Choi was a party to the litigation or not. That was just a pronouncement that Dr. Choi couldn't license away past damages such that Dr. Yoon and its licensee couldn't recover those past damages. But Choi wouldn't join as a plaintiff with respect to past damages, right? That's right, Your Honor, but that really doesn't matter. He was a party. Doesn't matter? No, Your Honor, because the whole purpose of making sure that all patentees are parties to a suit is to make sure that co-patentees can't go after the same infringer for the same infringement. If Dr. Choi were a party in any capacity and failed to assert his rights against the infringer, then he would be collaterally stopped from doing so later, whether he was defendant or plaintiff. And in fact, when Ethicon said that co-owners have to be plaintiffs, they were citing to Shearing, and Shearing didn't say that. Shearing said that they just have to be parties. And that's what 19A says as well. If you can't make someone an involuntary plaintiff, make them an involuntary defendant. The whole point is they are collaterally stopped once the case is over from asserting the very rights that this whole jurisdictional issue is intended to prevent. So it doesn't matter that Dr. Choi was a defendant rather than a plaintiff. He was in the suit. He couldn't have turned around and sued the infringer afterwards because he'd waived that right, whether he licensed them or not. Now, Mr. Van Ness talks about Section 262 really briefly. The right to exclude others comes from Section 154 of the patent statute. It says very clearly that where there's infringement, there is this right to civil remedy. Thank you, Your Honor. Thank you, Mr. Summerfield.